UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DANIEL WARLICK, § | |
|     Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 1:20-CV-500-RP |
| § | |
| STEPPES CREEK CONSULTING, LLC; § | |
| AND JERRY DEAN CLEMENTS II, § | |
|     Defendants. § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Daniel Warlick ("Plaintiff") files this First Amended Complaint, as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff previously worked as an employee for Defendant Steppes Creek Consulting, L.L.C. ("SCC"), which is owned and controlled by Jerry Dean Clements II (SCC and Mr. Clements are referred to as "Defendants").

2. Plaintiff brings this action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et. seq*. (the "FLSA").

3. For at least three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay Plaintiff for overtime hours worked in excess of forty hours per week at a rate of one and one-half times his regular rate of pay.

## II.   PARTIES

4. Plaintiff is an individual residing in Texas.

5. SCC is a Texas limited liability company which has previously been served and has appeared herein.

6. Jerry Dean Clements is a Texas resident who has previously been served and has appeared herein.

## III.   JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

8. This Court has personal jurisdiction over Defendants because they are Texas residents. This Court's assertion of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district. Specifically, Plaintiff worked on several projects for the City of Richland Springs in San Saba County, which is located in the Western District of Texas, Austin Division.

10. Moreover, venue is proper in this district under 28 U.S.C. § 1391(b)(1) and 1391(c). Venue is proper in a district "in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). The statute then

defines residence for various types of parties, including business entities: "[A]n entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."[1] The venue analysis thus largely collapses into a personal jurisdiction analysis. In states like Texas with multiple federal judicial districts, a "corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State."[2] So it is SCC's contacts in the Western District of Texas, rather than the State of Texas, that is relevant for venue purposes. SCC has admitted through sworn testimony in this proceeding that Plaintiff, and others working for SCC, performed work in the Western District of Texas, and within counties served by the Austin Division.[3] Plaintiff worked overtime and was paid only a day rate for the work he performed in the Western District of Texas, and thus his overtime claim asserted herein directly relate to his work performed there. When specific jurisdiction is alleged, as here, a single contact may be sufficient to confer jurisdiction.[4] As such, SCC has sufficient contacts with the Western District of Texas to subject it to personal jurisdiction if the Western District were a separate state. Hence SCC is a resident of the Western District for venue purposes, and venue is proper within the

---

[1] *Id*. § 1391(c)(2).

[2] Id. § 1391(d).

[3] See Dkt. No. 4 at p. 1-2.

[4] "A state exercises 'specific jurisdiction' over a nonresident defendant when the lawsuit arises from or relates to the defendant's contact with the forum state." *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 416 (5th Cir.1993). Moreover, a defendant's single act can be sufficient to confer personal jurisdiction "if that act gives rise to the claim being asserted." *Id*.; *see also See Brown v. Flowers Indus.*, 688 F.2d 328, 332-33 (5th Cir.1982) (holding that a single telephone call initiated by the defendant was sufficient to confer personal jurisdiction).

Western District pursuant to 28 U.S.C. § 1391(b)(1) and 1391(c). Because venue is proper as to SCC, it is also proper as to the claim against Mr. Clements, as under 28 U.S.C. § 1391(b)(1), venue lies in "a judicial district in which **any** defendant resides, if all defendants are residents of the State in which the district is located."

## IV.   COVERAGE

11. At all relevant times times, Defendants have been employers or joint employers of Plaintiff within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. SCC was unquestionably an "employer" or "joint employer" of Plaintiff. Specifically, Plaintiff performed work on jobs for SCC, he was told where to go and what to do on such jobs by employees of SCC, he was required to adhere to employment policies of SCC, and he was paid by SCC.

13. Jerry Dean Clements was also an "employer" or "joint employer" of Plaintiff. Mr. Clements is the founder, majority owner and the primary decision-maker of SCC. According to documents on file with the Texas Secretary of State, Mr. Clements is the sole Director of the company. Mr. Clements is responsible for making employment decisions at SCC (he has the power to hire and fire SCC employees and he directly oversees supervisors who likewise have such power). Mr. Clements also controls employee work schedules and conditions of employment by creating, reviewing and/or approving policies applicable to SCC employees (including but not limited to Plaintiff), such as the employee handbook and other written and/or unwritten employee policies. Mr. Clements also made or approved the decision to characterize Plaintiff as exempt and to pay him a salary, with no additional compensation for hours worked above forty in a week. Finally, Mr. Clements is a custodian of SCC's payroll and other HR

records, as they are maintained by those working under his supervision. As such, Mr. Clements is an employer or a joint employer of Plaintiff.

14. At all relevant times, Defendants have operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all relevant times, Defendants have operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000. Specifically, Defendants employed at least five crew members at any given time during Plaintiff's employment. Defendants charged customers $16 per foot for its boring services. Defendants' five man crew would perform, on average, 2,000 feet of boring services in a week. At $16 per foot, this would generate $32,000 in revenue in a week, and $1,664,000 over the course of a year. Thus, on information and belief, Defendants generated more than three times the $500,000 in gross sales revenue or business done, as required to trigger coverage under the FLSA.

16. Moreover, Plaintiff, Mr. Clements and others working for Defendants drove to and from job sites in vehicles and in so doing used gasoline. Specifically, these individuals drove two Ford F-350 trucks, a F-250 truck, and a Dodge 3500. Plaintiff and others working for Defendants also drove their own vehicles to get parts and other items needed to perform their jobs. These vehicles (both the vehicle itself, as well as various components of the vehicles) and

gas used by Plaintiff and others working for Defendants were produced/manufactured out of state and moved in interstate commerce. Plaintiff, Mr. Clements and other employees working for Defendants used and handled, while performing their essential job duties, drills and other boring tools, walkie-talkies, road construction safety vests, and other items that originated out of state. Mr. Clements and other employees working for Defendants, while performing their essential job duties: (1) used cellphones to communicate with Plaintiff and others at the company regarding boring projects; (2) used computers to complete company payroll, send out e-mails, draft invoices and other accounting documents, and complete job estimates and other documents for customers, and (3) used a variety of office supplies (including a daily log used to record worker activities and pens used to write down information on that log) to carry out their business. On information and belief, all or substantially all of these goods and materials were manufactured outside of Texas and were transported through interstate commerce.

17. At all relevant times, based on the same facts alleged in the previous paragraph, Plaintiff was an employee for Defendants who was engaged in commerce or in the production of goods for commerce.

## V.   FACTUAL BACKGROUND

18. SCC provides boring and directional drilling services to companies and municipalities. Plaintiff was employed by Defendants as a field worker and performed manual labor related to boring services. Plaintiff worked for Defendants from September of 2018 until March of 2020. Plaintiff did not possess the power to hire or fire other employees, nor was he given any input regarding personnel matters.

19. While employed by Defendants, Plaintiff routinely worked at least 70 hours per week. Instead of paying him overtime, Defendants paid Plaintiff a flat day rate, with no additional pay for hours worked above 40 in a week. Plaintiff was classified as an independent contractor by Defendants, but he was actually an employee of Defendants. Because Plaintiff was paid a set, flat daily rate, and because his schedule was set by Defendants, he was not given any opportunity to share in the profit and/or loss of his services. He was not allowed the freedom to take or reject assignments - instead he had to perform work as ordered to do by Defendants - Defendants told Plaintiff what job locations to report to, what tasks to do and when to do them. Because Plaintiff worked full time for Defendants, he was not allowed an opportunity to expand his business or to take on other jobs for other boring companies. None of the factors used by the Fifth Circuit when assessing independent contractor/employee status weigh in favor of finding Plaintiff to be an independent contractor.

20. As set forth herein, Defendants have violated, and are violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and a half times the regular rate for which he was employed.

21. No exemption excuses Defendants from paying Plaintiff overtime rates under the FLSA. Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Specifically, Defendants knew or should have known that Plaintiff was working more than 40 hours per week, and Defendants consciously chose not

to pay Plaintiff overtime for the hours worked above 40 each week. Plaintiff is entitled to liquidated damages (and Plaintiff is entitled to go back three years for the FLSA claims) as a result of such conduct.

22. Pursuant to the FLSA, Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

### VI. CAUSE OF ACTION - VIOLATIONS OF THE FLSA

23. The foregoing allegations are incorporated herein by reference.

24. Plaintiff was a non-exempt employee of Defendants.

25. Plaintiff was entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

26. Defendants violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiff overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

27. Plaintiff seeks all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

### VIII. RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully requests that on final hearing, Plaintiff be awarded:

    a. Unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times the employee's regular rate of pay;

    b. Liquidated damages in an amount equal to the unpaid overtime compensation;

    c. Attorney's fees, costs and expenses;

  d. Pre- and post-judgment interest at the highest rates allowed by law; and

  e. All other relief, at law or in equity, to which he may be justly entitled.

           Respectfully submitted,

           /s/ Josh Borsellino
           Josh Borsellino
           State Bar No. 24045532
           Borsellino, P.C.
           Office Address:
           1020 Macon St., Suite 15
           Fort Worth, Texas 76102
           Mailing Address:
           3267 Bee Cave Rd., Ste. 107, Box # 201
           Austin, TX 78746
           Telephone: (817) 908-9861
           Facsimile: (817) 394-2412
           Email: josh@dfwcounsel.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing notice has been served on all parties of record through the ECF filing system of the Western District of Texas on June 19, 2020.

/s/ Josh Borsellino
Josh Borsellino